**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DON STRANGE OF TEXAS, INC., | § | |
| *Plaintiff* | § | |
| | § | SA-20-CV-00898-XR |
| v. | § | |
| | § | |
| CINCINNATI INSURANCE COMPANY, | § | |
| JOHNATHAN ANDREW MALISH, | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 12), Defendant Cincinnati Insurance Co.'s Response (ECF No. 16), and Plaintiff's Reply (ECF No. 17). The issue is whether Defendant Johnathan Malish is improperly joined. After careful consideration, the court GRANTS the motion to remand.

## BACKGROUND

This insurance dispute arises out of the state and local orders mandating the closure of certain businesses due to the ongoing COVID-19 pandemic. Plaintiff owns an office, storage, and food-preparation property located at 1551 Bandera Road, San Antonio, Texas 78228. ECF No. 1-1 at 3. Plaintiff purchased an insurance policy ("the Policy") from Defendant Cincinnati Insurance Co. ("Cincinnati") that covers Plaintiff's property against the risk of loss, with certain exceptions, effective from October 1, 2019 until October 1, 2020. *Id*. The coverage includes Defendant's Building and Personal Property Coverage Form, Cinciplus Commercial Property Power XC+ Endorsement, and Business Income Coverage Form (collectively "the Coverage Forms"). *Id*.

1

In the winter of 2020, the world was faced with the unprecedented outbreak of a novel, highly infectious coronavirus. The coronavirus, which caused a deadly disease called Covid-19, would be declared a public health emergency by various governmental agencies. Shortly thereafter, the State of Texas, the City of San Antonio, and Bexar County issued shelter-in-place orders and mandated the suspension of non-essential businesses. *Id*.

Plaintiff was forced to suspend its business as a result of these orders. ECF No. 12 ¶ 2. Plaintiff reported the loss of business to Cincinnati pursuant to the terms of the Policy. *Id*. Cincinnati assigned Johnathan Malish, an insurance adjuster, to investigate the claim. *Id*. ¶ 3. Plaintiff asserts that Malish failed to conduct an adequate investigation and that Cincinnati denied Plaintiff's claim based on Malish's recommendation. *Id*.

Plaintiff filed the instant lawsuit in state court on June 24, 2020, asserting causes of action for declaratory judgment, breach of contract, violations of the Texas Insurance Code and the Texas Prompt Payment of Claims Act, and common law bad faith. *Id*. ¶ 4. Plaintiff asserted a separate cause of action against Defendant Malish for violation of Texas Insurance Code§ 541.060. On August 3, 2020, Cincinnati removed the case to federal court based on this Court's diversity jurisdiction. ECF No. 1. Defendants filed a joint motion to dismiss Plaintiff's Complaint (ECF No. 5). Subsequently, Plaintiff filed the instant motion to remand.

## DISCUSSION

### I.    Standard of Review

A party may remove an action from state court to federal court if the action is one over which the federal court possesses original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). The

removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

**II.     Application**

Plaintiff argues that remand is proper because this Court does not have jurisdiction to hear the case. That is, Plaintiff and Defendant Malish are both Texas citizens, so there is not complete diversity as required by 28 U.S.C. § 1332. Plaintiff argues that Texas law recognizes that an adjuster can be individually liable for violations of the Texas Insurance Code. ECF No. 12 ¶ 11. Plaintiff then argues that it has properly asserted claims that Malish violated the Texas Insurance Code. *Id.* ¶ 12. For the reasons stated herein, the Court grants Plaintiff's motion to remand.

    A.   <u>An insurance adjuster can be held liable for violations of Texas Insurance Code § 541.060.</u>

Plaintiff asserts claims against Defendant Malish for violations of Texas Insurance Code §§ 541.060(a), 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(7). ECF No. 12-A at 10–11, 13–15. Plaintiff argues that Malish's conduct is actionable independently of Cincinnati's. ECF No. 12 ¶ 13. Plaintiff cites *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 279 (5th Cir. 2007), and other cases for the proposition that adjusters can be held individually liable for violations of Article 21.21 Texas Insurance Code, the predecessor to Chapter 541. *Id.* ¶ 11.

Defendants respond that Plaintiff has added Malish to defeat the Court's diversity jurisdiction. ECF No. 16 at 3–4. Defendants assert that Plaintiff's reliance on cases supporting the imposition of adjuster liability based on Article 21.21 is misplaced because Plaintiff has not pled violations of that Article. *Id.* at 4. In its Reply, Plaintiff notes that Article 21.21 is the predecessor of Chapter 541 of the Texas Insurance Code, so cases interpreting Article 21.21 are relevant to Chapter 541 claims. ECF No. 17 at 4.

Plaintiff is right. As the Fifth Circuit Court of Appeals has noted, "Article 21.21 has been repealed and the relevant portions of section 16 are now codified at section 541.060 of the Texas

Insurance Code." *Gasch*, 491 F.3d at 280 n.2. The legal standards did not change as part of the codification. *Id.* Thus, analyses of Article 21.21 are relevant to inquiries into § 541.060 claims. Further, this Court has repeatedly held that Chapter 541 of the Texas Insurance Code applies to insurance adjusters:

> "[a]n adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of some provisions of the Texas Insurance Code. TEX. INS. CODE § 541.002 ("In this chapter . . . 'person' means an individual, corporation, association, . . . other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities.")."

*Jada Restaurant Group, LLC, et al. v. Acadia Ins. Co., et al.*, No. SA-20-CV-00807-XR, 2020 WL 5362071, at *4 (W.D. Tex. Sept. 8, 2020) (quoting *Fairway Leasing, LLC v. Nationwide Mutual Ins. Co.*, No. 17-CA-752-XR, 2017 7693373 at *2 (W.D. Tex. Oct. 4, 2017)).

The Court will do so again here. The Court holds that Chapter 541 of the Texas Insurance Code applies to insurance adjusters engaged in the business of insurance.

B.  Plaintiff has properly pled violations of the Texas Insurance Code against Defendant Malish.

Plaintiff argues that it has properly pled a cause of action against Defendant Malish. ECF No. 12 ¶ 13. It asserts that Defendant Malish violated the Texas Insurance Code by failing to attempt in good faith to effectuate a fair settlement, failing to promptly provide a reasonable explanation for the basis of the denial of Plaintiff's claim, and refusing to conduct a reasonable investigation into Plaintiff's claim. *Id.* (citing ECF No. 12-A at 14–15). To support its claim, Plaintiff asserts that Malish "relied upon his convoluted interpretation of the definition of 'pollutants' in the Policy as a basis to exclude coverage," failed to investigate coverage under the

Policy's Business Income from Dependent Properties provision, failed to request relevant information regarding Plaintiff's financial losses, "failed to investigate the occurrence made [*sic*] the basis of the claim," and conducted a results-oriented investigation. *Id*. Defendant Cincinnati then relied upon Malish's recommendations to deny Plaintiff's claim. *Id*.

Defendant Cincinnati responds that Plaintiff fails to state a reasonable basis upon which a state court might impose liability against Malish. ECF No. 16 at 4. It argues that Plaintiff's claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and that Plaintiff failed to allege the particulars of any false representations. *Id*. In fact, it asserts that Plaintiff never pled that Malish made any misrepresentations at all. *Id*. at 5. Plaintiff responds that Rule 9(b) does not apply to the claims Plaintiff brought against Malish. ECF No. 17 at 2.

The Court finds that Plaintiff's claims are not subject to the heightened pleading standards of Rule 9(b). Texas Insurance Code § 541.060(a) enumerates specific conduct that is considered "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." That provision must be pled with particularity because it sounds in fraud. *See Tiras v. Encompass Home and Auto Ins. Co.*, 4:10-CV-03266, 2011 WL 5827298, at *3 (S.D. Tex. Nov. 17, 2011). The provisions that Plaintiff pleads, however, do not. Section 541.060(a)(2)(A) requires a good faith attempt to effectuate a fair settlement of reasonable claims, section 541.060(a)(3) requires insurers to provide the policyholder with a reasonable explanation of a denial of a claim, and section 541.060(a)(7) require insurers to conduct a reasonable investigation of a claim. The heightened pleading standards of Rule 9(b) do not apply to these claims. *Id*. at *4.

Plaintiff alleges that Defendant Malish violated sections 541.060(a)(2)(A), (a)(3), and (a)(7). In support of its claim, Plaintiff alleges that Malish employed an improper definition of a relevant term in the Policy, failed to investigate the applicability of particular provisions in the Policy, and failed to request relevant information. ECF No. 12 ¶ 13 (citing ECF No. 12-A at 14–15). Construing all ambiguities against removal and in favor of remand, as this Court must, *Mehar Holdings, LLC. v. Evanston Ins. Co.*, No. 5:16–CV–491–DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016), the Court holds that Plaintiff pled specific causes of action against Defendant Malish and that Defendant Malish is not improperly joined.[1]

## CONCLUSION

The Court finds that Defendant Cincinnati Insurance Co. has failed to establish that Defendant Malish was improperly joined, and that diversity jurisdiction is therefore lacking. Plaintiff's Motion to Remand (ECF No. 12) is GRANTED. This case is therefore **REMANDED** pursuant to 28 U.S.C. § 1447(c), (d) for lack of subject matter jurisdiction.

It is so ORDERED.

**SIGNED** this 14th day of September, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Defendants filed a sur-reply on September 11, 2020. In it, Defendants argue that adjusters cannot be liable for violations of Texas Insurance Code §§ 541.060(a)(2)(A), (a)(3), and (a)(7). ECF No. 18 at 3. Defendants rely on *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) and its progeny. The Court finds this line of cases unpersuasive for the reasons stated in *Adan v. Penn-Am. Ins. Co*., No. DR-15-CV-050-AM, 2016 WL 8229284 (W.D. Tex. Mar. 30, 2016).

7